1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    JANEL M. WHITBECK,

11                    Plaintiff,

12            v.

13    DHS/CBP,

14                    Defendant.

CASE NO. C16-0877JLR

ORDER DISMISSING CASE
WITHOUT PREJUDICE

15                    **I.    INTRODUCTION**

16        Before the court is Plaintiff Janel M. Whitbecks' complaint.  (Compl. (Dkt. # 5).)

17   Ms. Whitbeck is proceeding *pro se* and *in forma pauperis* ("IFP").  (IFP Order (Dkt. # 4)

18   at 1.)  Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints

19   and must dismiss them if "at any time" it is determined that a complaint is frivolous or

20   fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.*

21   § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that

22   Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  The

ORDER- 1

1  court has reviewed the complaint in this case and has determined that it is frivolous.

2  Accordingly, the court DISMISSES Ms. Whitbeck's complaint with leave to amend.

3  ## II.   BACKGROUND

4  Ms. Whitbeck sues Defendant United States Department of Homeland Security

5  ("DHS") and United States Customs and Border Protection[1] for defamation.  (*See* Compl.

6  at 1-2.)  In her brief complaint, she alleges that DHS "engaged in Libel and Slander"

7  because "there were four falsifications on [her] termination letter."  (*Id.* at 2.)  She further

8  alleges that one of these unspecified falsifications "is also on [her] SF-50 which [she] has

9  sent nationwide to gain employment."  (*Id.*)  She claims that these falsifications "have

10  ruined [her] reputation (defamation)," and she seeks $92,500,000.00 in damages for

11  "[l]oss of an entire career field; of any federal government agency and a lifetime of pain

12  and suffering due to no longer being able to have those careers."  (*Id.*)

13  ## III.   ANALYSIS

14  The court concludes that Ms. Whitbeck's complaint fails to establish this court's

15  jurisdiction or state a claim on which relief can be granted.  Accordingly, the court

16  DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e).  The court grants Ms.

17  Whitbeck 20 days to amend her complaint.

18

19

20  [1] Ms. Whitbeck refers to Defendant in the caption only as "DHS/CBP."  (Compl. at 1.)
Based on Ms. Whitbeck's later references to "Homeland Security," federal employment, and an
"SF-50" (a form for federal employees), and the fact that United States Customs and Border

21  Protection is a component of the United States Department of Homeland Security, the court
infers that Ms. Whitbeck intends to sue the United States Department of Homeland Security.  (*Id.*
at 1-2); *see Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to

22  construe pro se pleadings liberally . . . .").

ORDER- 2

**A.    Legal Standard**

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A complaint may likewise be dismissed when no basis for federal jurisdiction appears on the face of the complaint. *See S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990).

**B.    Deficiencies in Ms. Whitbeck's Complaint**

Ms. Whitbeck's complaint suffers from multiple deficiencies. First and foremost, she fails to establish any basis for this court's jurisdiction. She states that the basis for federal jurisdiction is "Homeland Security . . . engaged in Libel and Slander on official government documentation." (Compl. at 2.) However, the mere fact that a federal agency is named as a defendant does not give this court jurisdiction. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (explaining that a suit against the officers and employees of the United States in their official capacities is essentially a suit against the United States to which the

ORDER- 3

1 | bar of sovereign immunity applies).  Where sovereign immunity applies, a federal court

2 | lacks subject matter jurisdiction over a claim against the United States or a federal

3 | agency.  *Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.");

4 | *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Hutchinson v. United States*, 677

5 | F.2d 1322, 1327 (9th Cir. 1982).  Ms. Whitbeck sues a federal agency and gives no

6 | indication that DHS or the United States has waived sovereign immunity regarding her

7 | suit.  (*See* Compl. at 1-2.)

8 | 　　　The Federal Tort Claims Act ("FTCA") waives the United States' sovereign

9 | immunity under some circumstances but only if a plaintiff first exhausts his or her

10 | administrative remedies.  *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th

11 | Cir. 2008); *see* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

12 | Ms. Whitbeck, however, alleges no facts indicating that she has exhausted her

13 | administrative remedies.  (*See* Compl. at 1-2.)  Furthermore, even if she had exhausted

14 | her administrative remedies and brought suit under the FTCA, the court would

15 | nevertheless lack jurisdiction over this case.  Ms. Whitbeck alleges only defamation (*id.*

16 | at 2), and the FTCA expressly excepts claims sounding in defamation from its waiver of

17 | sovereign immunity, 28 U.S.C. § 2680(h); *see Barefoot v. Dep't of Navy*, No.

18 | CIV.07-00456ACKKSC, 2008 WL 2078183, at *6 (D. Haw. May 15, 2008).

19 | 　　　Finally, even if Ms. Whitbeck had shown a basis for subject matter jurisdiction,

20 | the court would nevertheless dismiss her complaint because she fails to adequately plead

21 | a defamation claim.  "Countless district courts" have found that a libel or slander claim

22 | was not adequately pleaded where the plaintiff "failed to allege the substance of the

ORDER- 4

1  statements and/or the time and place in which they were made." *PAI Corp. v. Integrated*

2  *Sci. Sols., Inc.*, No. C-06-5349 JSW(JCS), 2007 WL 1229329, at *8 (N.D. Cal. Apr. 25,

3  2007) (collecting cases).  Ms. Whitbeck alleges only that "there were four falsifications

4  on [her] termination letter." (Compl. at 2.)  Because she does not allege the substance of

5  these falsifications, her defamation claim lacks sufficient factual detail.

6  **C.      Leave to Amend**

7       The court dismisses Ms. Whitbeck's complaint with leave to amend.  Leave to

8  amend is mandatory for *pro se* plaintiffs unless it is absolutely clear that amendment

9  could not cure the defects.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

10 Accordingly, the court grants Ms. Whitbeck 20 days to file an amended complaint that

11 corrects the identified deficiencies and satisfies the foregoing pleading standard.  If Ms.

12 Whitbeck fails to timely comply with this order or fails to file an amended complaint that

13 demonstrates this court's jurisdiction and meets the required pleading standards, the court

14 will dismiss Ms. Whitbeck's complaint without leave to amend.

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

ORDER- 5

1

### IV.   CONCLUSION

2       For the foregoing reasons, the court DISMISSES Ms. Whitbeck's complaint (Dkt.

3   # 5) without prejudice and GRANTS Ms. Whitbeck 20 days to amend her complaint as

4   discussed above.

5       Dated this 30th day of June, 2016.

6

7

8   _____
    JAMES L. ROBART
9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22